NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNIMAX COMMUNICATIONS, LLC, a Delaware Limited Liability Company, | No. 24-6871 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-01830-KKE |
| v. | MEMORANDUM[*] |
| T-MOBILE US, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted November 3, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Appellant Unimax Communications, LLC ("Unimax") appeals the district

court's dismissal of its complaint and first amended complaint, denial of its motion

for reconsideration, and entry of judgment in favor of Appellee T-Mobile USA,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Inc. ("T-Mobile"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's dismissal for failure to state a claim. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). We review for abuse of discretion a district court's dismissal without leave to amend, *id.* at 1141–42, and denial of a motion for reconsideration, *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1058 (9th Cir. 2020).

1. The district court did not err in dismissing Unimax's breach of contract claim, which alleged that T-Mobile improperly cancelled purchase orders for mobile phones, because T-Mobile had an express contractual right to cancel the purchase orders without cost. First, under Section 8.3 of the Master Agreement, T-Mobile could terminate the "Agreement, any Addendum or Order, at any time, without cause, by giving [Unimax] thirty (30) days' written notice." Second, under Section 2.2(a) of the Agreement, T-Mobile was not required to pay Unimax because it did not accept delivery of the mobile devices. Finally, under Section 3.1(c) of the Original Equipment Manufacturing and Supply Addendum ("OEM"), T-Mobile had the right to cancel a Specified Delivery Date "without penalty, additional cost or liability."

The district court did not err in finding that T-Mobile did not accept delivery of the mobile phones, even when it allegedly assured acceptance of delivery, because the factual allegations demonstrate that the devices were never delivered.

The district court also did not err in finding that Unimax cannot establish a breach of the covenant of good faith and fair dealing because T-Mobile cancelled the purchase orders pursuant to the express terms of the contract. *See Myers v. State*, 218 P.3d 241, 244 (Wash. Ct. App. 2009) (holding that "covenants of good faith and fair dealing do not trump express terms or unambiguous rights in a contract"); *see also Badgett v. Sec. State Bank*, 807 P.2d 356, 360 (Wash. 1991) (en banc).

Unimax waived its additional claims for equitable estoppel and waiver or modification of the contract by failing to raise these arguments in its opening brief. *See Autotel v. Nevada Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012). Further, the allegations in the complaint are too conclusory to establish waiver or equitable estoppel. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2. The district court did not err in dismissing Unimax's declaratory judgment claim because it was duplicative of its breach of contract claim. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Further, the contract was not illusory because T-Mobile could only cancel purchase orders under the contract before delivery and with written notice. *See SAK & Assocs., Inc. v. Ferguson Constr., Inc.*, 357 P.3d 671, 675 (Wash. Ct. App. 2015) ("[T]he right to cancel or terminate is not illusory where it can be exercised only upon the occurrence of specified conditions, such as providing notice."). Finally, Unimax waived its unconscionability argument by failing to substantively address

unconscionability in its opposition to the motion to dismiss. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Unimax also fails to explain how a contract negotiated by two sophisticated parties, which limited T-Mobile's termination rights, could be unconscionable.

3. The district court did not err in dismissing Unimax's claim for intentional interference with prospective economic advantage and inducement of a breach of contract because Unimax based its claim solely on T-Mobile's exercise of its contractual right to cancel the purchase orders. *See Birkenwald Distrib. Co. v. Heublein, Inc.*, 776 P.2d 721, 727 (Wash. Ct. App. 1989) (affirming dismissal of a plaintiff's tortious interference claim because the defendant had a contractual right to select a distributor of its choice); *see also Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 636 (Wash. Ct. App. 1997).

4. The district court did not err in dismissing Unimax's claim for fraudulent or negligent misrepresentation because a promise of future performance cannot form the basis of a misrepresentation claim. *See Havens v. C & D Plastics, Inc.*, 876 P.2d 435, 448 (Wash. 1994) (en banc); *see also Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Loc. Union No. 174*, 500 P.3d 119, 136–37 (Wash. 2021) (en banc), *rev'd and remanded on other grounds*, 598 U.S. 771 (2023). Contrary to Unimax's contention, "oral assurances by T-Mobile that it will accept delivery" are promises of future performance. Further, Unimax provides no factual allegations

establishing that T-Mobile knew that it intended to cancel the purchase orders when it promised to accept delivery. In fact, T-Mobile's actions after it made this statement, such as its extensive conversations with Unimax about hardware changes and its requests for more information, demonstrate that T-Mobile likely did not intend to cancel the purchase orders when it made the alleged statement.

5. The district court did not abuse its discretion in denying Unimax's motion for reconsideration because the motion merely reiterated arguments that the court had already considered or raised new arguments that could have been raised in the first instance. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Specifically, Unimax waived its argument that the district court should have applied the Uniform Commercial Code ("UCC") to the breach of contract claim because it failed to reference the UCC in its opposition to the motion to dismiss. *See Carroll*, 342 F.3d at 945. Even if Unimax did not waive this argument, Unimax's claim fails under the UCC given the express terms of the contract.

6. Finally, the district court did not abuse its discretion in refusing to grant leave to amend because further amendment would be futile. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*, 770 F.3d 834, 845 (9th Cir. 2014).

**AFFIRMED.**

24-6871